Tompkins, J.
delivered the opinion of the court. It .was conceded on the argument of this cause, that the plaintiff had an insurable interest; and that if, by the agreement between him and the owners of the ship Mary, he could not resort to them for the payment of the sum therein stipulated for his compensation, the defendants were liable. Upon the construction, therefore, of that agreement the event of this cause depends.
By the terms of the engagement, as well as by the contemporary *acts of the parties evincive of their intention, we consider the shipowners discharged from any liability to pay the plaintiff the sum agreed upon for his compensation. Instead of commissions, as they are usually understood, a gross sum is agreed to be paid, for the performance of the duties specified in the contract, and no provision is made for a pro rata compensation. The undertaking of W. and S. Robinson to sell the return cargo at New-York, without any allowance *361 therefor, is a part of the consideration for the payment oí the entire sum stipulated to he paid to the plaintiff
The fund out of which the plaintiff was to be paid is also prescribed by the agreement, viz : “ the proceeds of any cargo the ship might bring from Batavia.” The arrival of the return cargo, therefore, at New-York, so that the plaintiff might receive his earnings out of its proceeds, or exercise the election given Mm by the agreement, to receive an equivalent in goods of the return cargo at the current market price, was an event upon which the owners, according to our construction of the agreement, were to become responsible for the ten thousand dollars.
That this must have been the understanding of the parties in this suit appears by the terms of the policy. If it had been intended to insure commissions only, which the plaintiff would have earned upon completing the purchase of the return cargo, there could have been no necessity for insuring home, which is done, and the premium thereby enhanced.
The return cargo did not arrive at New York; and oí course, the fund out of which the- plaintiff was to be paid failed; and the performance of the duties undertaken bj W. and S. Robinson (which we consider a material part oi the consideration for the entire compensation to be paid to the plaintiff) has been defeated by a total loss of vessel and cargo. We are therefore of opinion the plaintiff cannot have recourse to the shipowners, and is entitled to recover in this suit.
Judgment for the plaintiff.