Allen, J., (dissenting.)
One defence relied upon is, a want of consideration for the note in suit. The objection is somewhat obscure, in the form in which it was taken upon the trial, to wit, that the sheriff had no power to effect the insurance, and therefore the policy and note were both void. This objection, which was urged as one of the grounds for a non-suit, . is only another form of alleging a want of insurable interest in the subject insured in the sheriff. The application was in behalf of the sheriff, as such, for an insurance upon property in the custody of the law, under his seizure, as sheriff, by virtue of an attachment; and the policy was issued to him, as sheriff, and his successors in office, describing the property as in the custody of the law under such seizure. The learned court below bestow but little attention upon this branch of the case; merely saying that, although the sheriff may not have been bound to insure the goods—which was not the business .of the insurance company—he had the right to get them insured, and the defendant must therefore respond for the sheriff, in whose behalf he assumed to act. This takes for granted an insurable interest in the sheriff; for, without such interest, he had no power to effect the insurance. The substance of the objection below was, that, as sheriff, he had no such interest in the goods as authorized him to obtain an insurance upon them for his indemnity, as sheriff; and the objection was overruled at circuit, and the ruling at circuit sustained at genera] term.' The objection of a want of capacity in the sheriff to insure the merchandise can refer to nothing but the *123 interest, of the sheriff, qua sheriff, in the goods. It is not disputed that, if the policy was void, ah initio, for illegality, or for the want of an insurable interest in the insured, apparent upon the face of the application and the policy, so that no risk attached, and the insurance company never became bound as insurers, there Was no consideration for the note, and no recovery can be had. A consideration is necessary to support any contract, and, if without consideration, it is treated as nudum pactum ; and as between the original parties, the consideration of promissory notes may be inquired into to the same extent as in other contracts. The consideration of this note was the undertaking of the insurance company to indemnify the individual named in the policy against loss or damage by fire on the goods insured. If that undertaking was void or never attached, and the policy was as no policy, imposing no liability or risk upon the company, and conferring no benefit and securing no indemnity to any party, the note given in consideration of it necessarily falls for want of a consideration to support it. The sheriff, as such, had no right to insure the property for the benefit of, and as trustee for, the parties to the action. The premium would not have been chargeable as a disbursement in the execution of the process or the preservation of the goods. His duty was special in respect to the property attached, involving only ordinary care in its safe keeping. He was not an insurer of the property, nor in any sense a trustee charged with any duty other than that of custodian under the process—the property being in the custody of the law.
Had the property been destroyed by fire without the fault or neglect of the sheriff or his agents, the sheriff would not be liable either, to the general owner or to the plaintiff in the attachment. For a casual destruction by fire of property thus held by the. sheriff, he is not chargeable. (Browning v. Hanford, 5 Hill, 588, and cases cited, by Cowen, J.) The sheriff can only be charged for property lost while in his custody when such loss is occasioned by his neglect or misfeasance. The sheriff not being accountable for property destroyed by fire without his act or default, it would seem to follow that he *124 would not be liable to account for any insurance that he might have effected against such loss. He could only be called to account officially for the property, and not in respect to any contract made concerning it outside of his official duty. The parties to the suit ought not certainly to be entitled to the benefit of a contract not made in their name or at their expense, and to which they were not parties either by name or by reason of having authorized it or contributed to its consideration. It is not, however, necessary to decide what would have been the liabilities of the sheriff in case the property had been lost by the peril insured against, and the company had paid the loss to him. It is sufficient that the sheriff had no authority, qua sheriff, for the benefit and at the expense of the parties whom it might concern, to insure the property. The general owners had an insurable interest in the property, notwithstanding the attachment. The attachment or arrest of goods or other subject, at the suit of a creditor, on mesne process, or seizure on execution to satisfy a judgment, does not deprive the owner of his interest, or diminish it as an insurable interest, until a legal sale is made. (1 Phil. on Ins., § 193; Franklin Ins. Co. v. Findlay, 6 Wheat., 483.) So the creditor, perhaps, might have insured his interest, as having a special lien thereon. (1 Phil. on Ins., § 292; Wells v. Phil. Ins. Co., 9 S. & R, 103.) But the sheriff was in no sense the agent or trustee for either, for the purpose of insurance. His duty was official and special, and his authority limited by the process and the law under which he acted. Officers of courts having the custody of property are regarded as upon the same footing, in many respects, as bailees for hire; and such a bailee would have no authority to insure in his own name or otherwise for the benefit of the bailor. (Story on Bailm., §§ 130, 620.)
The contract of insurance, then, not being authorized for the benefit of the parties to the suit, or valid as made in their behalf, the only remaining question is, whether the sheriff, as such, had an interest in the goods, which he might insure for his own benefit.
*125 It is essential to every contract of insurance that the assured have an interest "at risk. If he has nothing at risk, and can sustain no loss, there is nothing against which the insurer can agree to indemnify him. (1 Phil. on Ins., § 172.) The interest of the assured may be a general or special property in the subj ect insured, or it may be incidental to it. A general owner ; a mortgagee; a creditor, having a lien; a consignee, factor or agent, having a lien on goods for advances; a commission merchant, entitled to commissions on sales, or other person, having possession under a contract that may afford him a profit or emolument, has an insurable interest, and each, to the amount of his particular interest in, or profit which he might make from, the property. (Robinson v. N. Y. Ins. Co., 2 Caines, 357.) The consignee, factor, commission merchant, or supercargo, earning a profit by the sale of the goods, cannot insure the value of the goods, but only to the amount of their respective liens or profits. (Seamans v. Loring, 1 Mason, 127; Wolf v. Horncastle, 1 Bos. & Pul., 316; Russell v. Marine Ins. Co., 1 Wash. C. C., 409.) A bailee or depositary, being liable by law, or by contract, for certain risks of the subjects bailed or deposited, has an insurable interest in respect to such risks. (1 Phil. on Ins., § 191.) A carrier, being himself an insurer, may insure against the risks which he assumes. (Carnley v. Cohen, 3 B. & Ad., 478; Armitage v. Winterbottom, 1 M. & G., 130.) This is only one application of the principle of reinsurance, the right of which is universally acknowledged. But a Sheriff is responsible for no risks to which the property seized is subject, and has, therefore, nothing to insure against, except his own neglect or omission of duty; and the law would not tolerate a contract of indemnity to the sheriff against his own breach of official duty. If the goods were deposited in a proper place, the sheriff’s duty was fully performed; and if the parties to the suit, or claimant, of the property, desired an insurance, they might contract for it, but the sheriff had no interest in its safety which gave him the right to effect an insurance upon it. The want of interest was apparent upon the face of the application and policy. The policy was void, *126 and could not have been enforced if a loss had occurred; and it follows that the note was nudum pattum for the want of consideration, and that the judgment should be reversed and a new trial ordered, costs to abide the event.
Judgment affirmed.